UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**BENSON EVERETT LEGG**
Chief Judge

101 West Lombard Street
Baltimore, Maryland 21201
(410) 962-0723

December 11, 2003

MEMORANDUM TO COUNSEL RE:     <u>Garcia, et al. v. Kirstien, et al.</u>
Civil #L-01-103

Dear Counsel:

Thank you for your recent status reports. Pending before the Court is the parties' sixth motion to amend the scheduling order. Under the current scheduling order, discovery closed on November 3, 2003, and dispositive motions were due on December 3, 2003. This case has been pending for close to three years with little progress toward the completion of discovery. Accordingly, the case will proceed under the following schedule:

<u>Document Production</u>

Plaintiffs have produced their documents. There are, however, conflicting reports regarding the state of the defendants' production. Defendants Kirstien and Rothstein state that they have completed reviewing their files and have provided the plaintiffs with an opportunity to inspect and copy the files. Defendant Habeck, however, states that, although he does not have any documents to produce, it is his understanding that Defendants Kirstien and Rothstein are continuing to gather the documents that are within their control. Accordingly, the Court rules as follows:

(i)     on or before December 18th, Craig Roswell, Esquire, counsel for Defendants Kirstien and Rothstein, shall inform counsel for the other parties as to whether his clients have produced all responsive documents;

(ii)     if all such documents have not yet been produced, Defendants Kirstien and Rothstein shall locate all responsive, unproduced documents and send them to Mr. Roswell so that he receives them by December 22nd;

(iii)     on December 23rd, 26th, 29th, 30th, and 31st, Mr. Roswell shall make the documents available for inspection and copying by counsel for all parties in the case;

(iv)     counsel are at liberty to make other arrangements, but in the event of a disagreement, this schedule shall control; and

(v)     because the parties have not timely completed discovery, the Court will not entertain any motions to compel document production.

<u>Interrogatories</u>

Defendant Habeck contends that the plaintiffs have not yet responded to his interrogatories. Plaintiffs, however, state that they responded to the interrogatories in April 2003 and that Habeck's recent change in counsel may explain the confusion.  Accordingly, the Court rules as follows:

(i)     on or before December 18th, Patrick Kearney, Esquire, counsel for Defendant Habeck, shall inform David Albright, Esquire, plaintiffs' counsel, as to whether he has been able to locate plaintiffs' interrogatory responses;

(ii)    if Mr. Kearney is not able to locate the responses, then on or before December 22nd, Mr. Albright shall provide Mr. Kearney with a copy of the responses;

(iii)   counsel are at liberty to make other arrangements, but in the event of a disagreement, this schedule shall control; and

(iv)    because the parties have not timely completed discovery, the Court will not entertain any motions to compel answers to interrogatories.

<u>Experts</u>

The Court will hold open the possibility that each side may designate an expert on the issue of damages calculations.  The Court will decide whether to allow such experts after the summary judgment stage.  No other expert witnesses or expert discovery will be permitted.

<u>Depositions</u>

Counsel is in agreement that the five parties will be deposed.  In addition, at least one party seeks to depose U.S. Foodservice and its predecessor in interest.  Accordingly, the Court rules as follows:

(i)     all party depositions shall take place from December 22, 2003-January 9, 2004 and shall be scheduled as follows:

(a)     for each plaintiff:

(1)     Mr. Albright shall provide Mr. Roswell and Mr. Kearney with two dates on which that plaintiff is available to be deposed, and

        (2)     Mr. Roswell and Mr. Kearney shall confer and choose one of those dates, and the deposition will take place on that date;

    (b)    for each defendant:

        (1)     that defendant's attorney shall provide Mr. Albright with two dates on which that defendant is available to be deposed, and

        (2)     Mr. Albright shall choose one of those dates, and the deposition will take place on that date;

(ii)    the Court will not entertain any motion to compel a deposition other than a deposition of one of the five parties;

(iii)    any party that desires to depose, or obtain documents from, U.S. Foodservice or its predecessor in interest shall: (a) contact its corporate counsel no later than December 17th to discuss the details of the deposition or document production, and (b) serve the company with a deposition or document subpoena no later than December 19th.  The deposition shall take place on January 19th, 20th, or 21st;

(iv)    Counsel are at liberty to schedule other depositions, but only by agreement of all parties;

(v)    no deposition shall last more than five hours;

(vi)    unless otherwise agreed, depositions shall take place where the witness is located; and

(vii)    Counsel are at liberty to change the Court's deposition schedule, but in the event of a disagreement, the Court's schedule will control.

<u>Discovery Deadline and Status Report</u>

Regardless of whether Counsel agree to a different deposition schedule than that set forth above, all discovery, including all depositions, must be concluded by January 21st.  Likewise, the parties' joint status report is due on January 21st.

<u>Requests for Admissions</u>

No requests for admissions are permitted.

<u>Dispositive Motions</u>

Counsel shall confer regarding which parties intend to file dispositive motions.  If only the defendants intend to file such motions, their motions are due on February 9th, with the opposition and reply briefs due as set forth in the local rules.

If both sides anticipate filing dispositive motions, the defendants shall file their motions on February 9th.  Within fourteen days after service of the defendants' motions, the plaintiffs shall file their cross-motion accompanied by a single memorandum that (a) opposes the defendants' motions, and (b) supports their own motion.  Within fourteen days after service of the plaintiffs' cross-motion and memorandum, the defendants shall file their opposition/reply.  Within eleven days later, the plaintiffs may file their reply brief.

At 10:00 a.m. on May 10, 2004, the Court will hold a motions hearing.

<u>Trial</u>

Business disputes such as the one at issue in this case are not typically resolved by motions for summary judgment.  If this proves true in this case, trial will commence on July 19, 2004.

Despite the informal nature of this memorandum, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/

Benson Everett Legg

c:      Court file

4

5