UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| **JAIME GARCIA, et ux.** : | |
| : | |
| Plaintiffs : | |
| : | |
| v. : | Civil No.  BEL 01 CV 0103 |
| : | |
| **RONALD D. KIRSTIEN, et al.** : | |
| : | |
| Defendants : | |

## STATEMENT OF MATERIAL FACTS AS TO WHICH NO GENUINE DISPUTE EXISTS IN SUPPORT OF DEFENDANT RANDY HABECK'S MOTION FOR SUMMARY JUDGMENT

The defendant, Randy Habeck, by his undersigned counsel offers the following statement of material facts as to which no genuine dispute exists in support of his Motion for Summary Judgment (the "Motion"):

1. Jaime Garcia (sometimes known as "Jim Garcia") and his wife, Elvira Garcia (collectively "Plaintiffs") were the founders of a business known as "Chef Garcia".  *Deposition of Jamie Garcia ("J. Garcia Dep.")* at 12.[1]

2. The Chef Garcia business was owned by the corporation JEJ, Inc., which, in turn, was owned by the Plaintiffs.  *Id.,* at 13.

3. In 1990, the Plaintiffs acquired one hundred percent (100%) of the shares of a corporation known as McWax, Inc.  *Id.*

4. Together these two corporations constituted "Chef Garcia".  *Id*., at 14.

5. Randy Habeck ("Habeck") was a shareholder and officer in a corporation known as Habeck-Zaitz & Associates, Inc., a Maryland corporation.  *Declaration of Randy Habeck*

---

[1] A copy of the relevant portions of the J. Garcia Dep. is attached to the Motion as Exhibit A.

*("Habeck Dec.")* at ¶ 3.[2]

6.  In 1997, Habeck-Zaitz & Associates, Inc. ("H-Z") adopted the name "Impact Sales, Inc. ("Impact"). *Id*. In 2002, Impact Sales, Inc. merged with Key Sales & Marketing Co., Inc. to become Key Impact Sales & Systems, Inc. *Id.* That entity remains in good standing. *Id*. Copies of the relevant corporate documents are attached to the *Habeck Dec.* as Exhibits 1-3.

7.  For the entire length of the dispute which is subject to the Complaint filed by the Plaintiffs, H-Z and its successors acted as a food broker to Chef Garcia. This relationship was first evidenced by the Broker Agreement dated June 15, 1993 between JEJ and H-Z, a copy of which is attached to the *Habeck Dec*. as Exhibit P-1.

8.  Although there are no written modifications of the H-Z Broker Agreement, there were at least two modifications of that agreement between 1993 and 1997. *Habeck Dec.* at ¶ 12. Exhibit P-23 to the Deposition of Harvey Rothstein.

9.  Payments by Chef Garcia to H-Z, at least into 1997 were made by checks signed by Jim Garcia payable to H-Z/Impact. *J. Garcia Dep.* at 95.

10. Elvira Garcia mailed the checks that were paid by Chef Garcia. *Id.*, at 20.

11. By 1994, Chef Garcia was in financial trouble, or at a minimum, experiencing "cash flow" issues. *See, Id.*, at 52; *Habeck Dec.* at ¶ 13.

12. Habeck introduced Jim Garcia to Harvey Rothstein ("Rothstein") and Ronald Kirstein ("Kirstein"). *Id.*, at ¶14.

13. On or about September 30, 1994, Plaintiffs entered into a letter Agreement with "O'Stein Bros. Limited Partnership No. 4" ("O'Stein No. 4") whereby Plaintiffs surrendered all stock in JEJ and McWax.

14. A new corporation named Chef Garcia, Inc. was formed and O'Stein No. 4

---

[2] A copy of the Habeck Dec. is attached to the Motion as Exhibit B.

received sixty-five percent (65%) of all voting rights and fifty percent (50%) of all equity rights. Plaintiffs then controlled only thirty-five percent (35%) of the new entity with right to acquire an additional fifteen percent (15%) if certain terms were met. A copy of the letter Agreement is attached to the *J. Garcia Dep.* as Defendant's Exhibit 10.

14. A subsequent and more formal Stock Purchase Agreement was subsequently agreed to. *J. Garcia Dep.* at 45. *See also Defendant's Exhibit 16 attached to J. Garcia Dep.* ¶

15. On or about August 31, 1995, Jim Garcia formalized his employment relationship with JEJ, McWax and Chef Garcia, Inc. *Id*.

16. Sometime in 1994, Habeck became a member of the Chef Garcia, Inc. board of directors. *Habeck Dep.* at ¶ 5.

17. Habeck resigned from the Chef Garcia board of directors in October or November 1997. *Declaration of David J. Norman, Esquire ("Norman Dec.")*[5] at ¶ 4; *Habeck Dec*. at ¶ 5. Habeck did not attend any Chef Garcia board meetings or participate in the decisions of the Chef Garcia board of directors after November 1997. *Norman Dec*. at ¶ 5; *Habeck Dec*. at ¶ 8.

18. Kirstein & Rothstein, acting for Chef Garcia, Inc., fired Plaintiffs in mid-January 1998. *J. Garcia Dep* at 101.

19. Habeck took no part in that termination. *Norman Dec*. at ¶ 6; *Habeck Dec* at ¶ 8.

20. To the extent there was some "conspiracy against Plaintiffs", which is denied, those supposed bad acts were "discovered by Jim Garcia on June 17, 1997. Jim Garcia's Answer to Interrogatory Number 3 (attached to the Motion as Exhibit E) at pages 7-8.

21. Chef Garcia, Inc. and its affiliates filed voluntary petitions for relief under the United States Bankruptcy Code on September 3, 1998 in the United States Bankruptcy Court for

---

[5] The Norman Dec. is attached to the Motion as Exhibit D.

the Eastern District of Virginia, Case Nos. 98-16522-MVB (Chapter 11) and 98-16523 MVB (Chapter 7).  See, the docket in that case, which is attached to the Motion as Exhibit F.

22. Plaintiffs did not object to the sale of Chef Garcia's Property in the Bankruptcy Court.  See Exhibit F.

23. Plaintiffs were represented in that case by their current counsel, Mr. Albright.  *J. Garcia Dep*. at 100-101.

24. Habeck did not participate in the Bankruptcy except as a representative of H-Z/Impact, a creditor of Chef Garcia.  *Habeck Dec*. at ¶ 23.

25. Habeck did not terminate the Plaintiffs or cause Chef Garcia not to honor any loan agreements, exoneration agreements or wage agreements.  Habeck did not compete with Plaintiffs  *See, e.g., Habeck Dec.* at ¶¶ 8 & 20.

26. Plaintiffs do not own any trademarks that have been taken.  To the extent they owned any such trademarks, they belong to Chef Garcia, Inc. *J. Garcia Dep.* at 63-64.

Respectfully submitted,

  */s/ Patrick J. Kearney*
Patrick J. Kearney (Fed. Bar No. 01913)
Selzer Gurvitch Rabin & Obecny, Chartered
4416 East West Highway, Fourth Floor
Bethesda, Maryland  20814
Tel.  (301) 986-9600

Attorneys for Defendant Randy Habeck

**CERTIFICATE OF SERVICE**

      I hereby certify, that on this 9th day of February, 2004, a copy of the foregoing Statement of Material Facts as to which no Genuine Dispute Exists in Support of Randy Habeck's Motion for Summary Judgment was delivered by ECF and by Federal Express to David F. Albright, Esquire, Albright & Goertemiller, LLC, 120 E. Baltimore Street, Suite 2150, Baltimore, Maryland 21202 and Craig D. Roswell, Esquire, Niles, Barton & Wilmer, 111 S. Calvert Street, Suite 1400, Baltimore, Maryland 21202.

                                                            */s/ Patrick J. Kearney*
                                                            Patrick J. Kearney