UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CHEF GARCIA FOODS, INC. | ) | Case No. 98-16522 |
| | ) | (Chapter 11) |
| Debtor. | ) | |
| | ) | |

**MOTION FOR AUTHORITY TO SELL CERTAIN EQUIPMENT PURSUANT
TO BANKRUPTCY CODE §§ 363(b) AND 363(f)(2) AND TO REMIT THE
PROCEEDS TO THE FIRST NATIONAL BANK OF MARYLAND**

Chef Garcia Foods, Inc., ("CGF" or the "Debtor"), debtor and debtor-in-possession, by counsel, respectfully moves, pursuant to 11 U.S.C. §§ 363(b) and 363(f)(2), Federal Rules of Bankruptcy Procedure 2002(a), 2002(c), and 6004, and Local Rule 6004-2, for authority (a) to sell to S&K Industries, inc. on the terms set forth in the Equipment Transaction Term Sheet ("Term Sheet") attached hereto as Exhibit "A", the equipment and related property identified in the Term Sheet and the Schedule 1 attached thereto, and (b) to remit the proceeds of the sale to The First National Bank of Maryland ("FNB") in partial satisfaction of FNB's secured claim in this case.

STEPHEN E. LEACH
(VA Bar No. 20601)
Tucker, Flyer & Lewis, P.C.
1615 L Street, N.W., Suite 400
Washington, D.C. 20036

063050-00000-00051.doc



*[Handwritten annotations: "Motion to Sell"; court stamp "1998 OCT 19 A 11: 48"; "EXHIBIT 10"]*

A proposed form of order and a memorandum of points and authorities accompany this motion.

Respectfully submitted,

TUCKER, FLYER & LEWIS, P.C.

By: *[signature]*
STEPHEN E. LEACH, (VA Bar No. 20601)
1615 L Street, N.W., Suite 400
Washington, D.C. 20036
(202) 429-7112
Counsel for Chef Garcia Foods, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this /7th/ day of October 1998, a copy of the foregoing Motion For Authority To Sell Certain Equipment Pursuant To Bankruptcy Code §§ 363(b) And 363(f)(2) And To Remit The Proceeds To The First National Bank Of Maryland, Memorandum in support thereof and proposed Order were served via telecopier and first class mail, postage prepaid to:

**VIA TELECOPIER AND FIRST CLASS MAIL**

Louis J. Ebert, Esquire
Gebhardt & Smith LLP
World Trade Center
401 East Pratt St, 10th Floor
Baltimore, MD  21202

John B. Connor, Esquire
John B. Connor, PLC
1033 North Fairfax Street, Suite 310
Alexandria, VA  22314

Attn:  Ralph W. Emerson, Senior Vice President
The First National Bank of Maryland
25 South Charles Street, 12th Floor
Baltimore, MD  21201

Mitchell B. Weitzman, Esquire
Arnold Spevack, Esquire
Deso, Thomas, Spevack, Weitzman & Rost, P.C.
1828 L Street, N.W., Suite 720
Washington, D.C.  20036-5104

Office of the United States Trustee
115 S. Union Street, Suite 210
Alexandria, VA  22314

Scott Stengel, Esquire
McGuire, Woods, Battle & Boothe, LLP
8280 Greensboro Drive, Suite 900
McLean, VA  22102

David McC. Estabrook, Esquire
Estabrook & Associates
1355 Beverly Road, Suite 225
McLean, VA  22101

William E. Shmidheiser, III, Esquire
Wharton, Aldhizer & Weaver, P.L.C.
P.O. Box 20028
Harrisonburg, VA 22801

David F. Albright, Esquire
Albright Brown & Goertemiller, LLC
120 East Baltimore Street, Suite 2150
Baltimore, MD 21202

Kathleen Mooy
Impact Sales, Inc.
7521 Connelly Drive, Suite C
Hanover, MD 21076

Roy L. Mason, Esquire
Mason Ketterman & Morgan
69 Franklin Street
Annapolis, MD 21401

Craig Havard, Senior Vice President
Riggs Bank N.A.
807 17th Street, N.W., 10th Floor
Washington, D.C. 20006

*[signature]*
Stephen E. Leach

# EXHIBIT A

October 14, 1998

**Chef Garcia Foods, Inc. ("CGF")/S&K Industries, Inc. ("S&K")**
**Equipment Transaction Term Sheet**

The following principal terms are agreed upon:

- The Equipment to be sold and purchased is listed in Schedule 1 (the "Equipment"). The Equipment will include all spare and replacement parts, rollers, bearings, belts, manuals and handbooks, repair and maintenance logs, title documentation, and other peripherals and accessories relating to the Equipment.

- S&K will pay $84,000 to CGF as follows:

    - $52,000.00 at the time the Equipment is picked up by S&K's mover/installer on November 9, 1998.
    - $16,000.00 thirty days after November 9, 1998.
    - $16,000 sixty days after November 9, 1998.

- The purchase will be contingent on approval and consent by the bankruptcy court and First National Bank of Maryland (the "Bank") on terms satisfactory to S&K.

- There are no liens on any of the Equipment, other than liens of the Bank. The Equipment will be moved to the facilities of S&K subject to the liens of the Bank, and the parties will cooperate on all of the necessary document executions and public record filings to effect the releases. The Bank's liens will be released of record within seven days of the final installment payment by S&K as provided above.

- The Equipment will be delivered to S&K or its carrier at CGF's premises on November 9, 1998.

- Upon signing this non-binding letter of intent, CGF will provide evidence of the authority of the undersigned representative of CGF to agree to this letter of intent pursuant to the Chapter 11 proceeding of CGF.

- On or before November 9, 1998, S&K will have access to CGF's premises to inspect the Equipment prior to pick-up. S&K may terminate this transaction at that time if it is not satisfied with the condition and working order of the Equipment. Upon pick-up of the Equipment by S&K or its carrier, S&K will be deemed to have accepted the Equipment "as is", without further warranty by CGF as to the condition or working order of the Equipment.

*[signatures]*
10-14-98

1

E:\M - ZS & K\Chef Garcia\Term Sheet-04.doc
10/14/98 3:20:55 PM

- S&K may terminate this transaction by notice to CGF at any time prior to the effective date of a final, nonappealable order of the bankruptcy court in the event that S&K in its discretion:

    - deems itself insecure as to title to or the existence of continuing liens or encumbrances on the Equipment
    - concludes that the terms of approval of the transaction by the bankruptcy court are not in S&K's best interests
    - determines for any other reason that the transaction is not in S&K's best interests

- In the event of termination of this transaction by S&K, Ron Kirstien and Harvey Rothstein in their individual capacities will jointly and severally indemnify and hold S&K harmless against all Reimbursable Expenses. Reimbursable Expenses will include S&K's:

    - Reasonable costs with respect to this transaction. These expenses will include, but not be limited to, filing fees, lien search and due diligence expenses as to title and encumbrances, and reasonable attorney's fees incurred in the negotiation, drafting, execution, and performance of this letter of intent and the definitive agreements, or in seeking the approval of the bankruptcy court or the Bank for this transaction. S&K will have contract and bankruptcy counsel.
    - Reasonable attorneys' fees and litigation expenses in enforcing S&K's right to have the Bank release its liens after the final installment payment by S&K.

- CGF will exercise its best efforts, including the expenditure of necessary funds, to obtain the approval of this transaction by the bankruptcy court and the Bank, and to clear title and achieve the release of all liens and encumbrances on the Equipment, in a manner consistent with the terms of the definitive agreements. The parties intend to seek bankruptcy court approval on October 27, 1998.

- Prior to execution of the definitive agreements, CGF will provide title documentation or proof of purchase of the Equipment.

- CGF, Mr. Kirstien, and Mr. Rothstein will represent and warrant that all Equipment on Schedule 1 is owned solely by CGF, and that no other person or entity has any right, title, or interest in or the right to possession of any of the Equipment, except for the liens of the Bank and the rights of CGF's creditors pursuant to CGF's Chapter 11 proceeding. CGF, Mr. Kirstien, and Mr. Rothstein will represent and warrant that there have been no public record lien filings with respect to any of the Equipment other than in Fairfax County, Virginia, the Virginia State Corporation Commission, _____ County, Maryland, and the Maryland State Department of Assessments and Taxation.

- CGF will have the risk of loss of the Equipment until title passes.

*[signature]*
10-14-98

2

E:\M - Z\S & K\Chef Garcia\6Term Sheet-04.doc
10/14/98 3:20.53 PM

- Personal property taxes will be pro-rated as of November 9, 1998; provided however, that CGF will be responsible for all personal property taxes incurred during S&K's possession of the Equipment if S&K exercises its election to terminate this transaction after November 9, 1998, under the terms of the definitive agreements.

- The parties acknowledge that product purchases by CGF from S&K will be on a C.O.D. basis.

- All references in this letter of intent to November 9, 1998 mean that date or the day following the effective date of the final, nonappealable order of the bankruptcy court approving this transaction, whichever is later.

This is not a binding document. No party is bound until all parties have negotiated and signed binding definitive agreements covering all matters in this transaction.

*EFS Sr.*
*10-14-98*

Chef Garcia Foods, Inc.

By: _____
Authorized Officer

*October 15, 1998*
Date

S&K Industries, Inc.

By: _____
Eugene F. Suarez, Sr., President

October 14, 1998
Date

First National Bank of Maryland

By: _____
Authorized Officer

_____
Date

Ron Kirsten

_____
Harvey Rothstein

*October 15, 1998*
Date

3

E:\M - ZS & K\Chef Garcia\4Term Sheet-O-4.doc
10/14/98 3:20:53 PM

SCHEDULE 1
CHEF GARCIA FOODS, INC./S&K INDUSTRIES
EQUIPMENT SALE

| REF. # | DESCRIPTION | PRICE |
|---|---|---|
| 3 | MODEL MFE CASA HERRERA STAINLESS STEEL MASA FEEDER, S/N: 91051125 | $13,000.00 |
| 4 | MODEL S10TCHS CASA HERRERA STAINLESS STEEL SHEETER, WITH VARI-SPEED DRIVE, S/N: 91051267 | 14,000.00 |
| 5 | MODEL TCO-16B CASA HERRERA STAINLESS STEEL OVEN, 130,000 BTU, S/N: 91050512.87 | 21,000.00 |
| 6 | MODEL 1DC CASA HERRERA STAINLESS STEEL OVEN DISCHARGE CONVEYOR, S/N: 91051224 | 2,500.00 |
| 7 | CASA HERRERA STAINLESS STEEL 5-TIER COOLING CONVEYOR, WITH STAINLESS STEEL DISCHARGE CONVEYOR | 13,000.00 |
| 8 | MODEL 1TC CASA HERRERA STAINLESS STEEL TRANSFER CONVEYOR, S/N: 9105997 | 2,500.00 |
| 9 | MODEL FRY CASA HERRERA STAINLESS STEEL CHIP FRYER, S/N: 91051212, WITH STAINLESS STEEL OIL HOLDING TANK AND 2-VERTICAL OIL FILTERS. STAINLESS STEEL CONTROL PANEL | 14,000.00 |
| N/A | FLEXICON SS SCREW FEEDER, AND CASA HERRERA SS/DOUGH MIXER, S/N: 910516 | 4,000.00 |
| | TOTAL | $84,000.00 |

6/95 SL
10-14-98

1

EAM - 2S & K\Chef Garcia\SCHEDULE 1.doc
10/14/98 11:41:02 AM

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| CHEF GARCIA FOODS, INC. | ) | Case No. 98-16522 |
| | ) | (Chapter 11) |
| Debtor. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF MOTION FOR AUTHORITY TO SELL
CERTAIN EQUIPMENT PURSUANT TO BANKRUPTCY CODE §§ 363(b)
AND 363(f)(2) AND TO REMIT THE PROCEEDS TO
THE FIRST NATIONAL BANK OF MARYLAND**

In support of its Motion For Authority To Sell Certain Equipment Pursuant To Bankruptcy Code §§ 363(b) And 363(f)(2) And To Remit The Proceeds To The First National Bank Of Maryland ("Motion"), Chef Garcia Foods, Inc. ("Debtor"), debtor and debtor-in-possession herein, respectfully states as follows:

1. On September 3, 1998, the Debtor filed with this court its voluntary petition for relief under chapter 11 of the Bankruptcy Code. Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, Debtor is continuing to operate its business and manage its properties and assets as a debtor-in-possession. No trustee or examiner has been appointed in Debtor's chapter 11 case.

2. This court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C.

---

STEPHEN E. LEACH
(VA Bar No. 20601)
Tucker, Flyer & Lewis, P.C.
1615 L Street, N.W., Suite 400
Washington, D.C. 20036

063050-00000-00052.doc

§§ 1408 and 1409. The statutory predicates for the relief sought herein are §§ 105(a), 363(b) and 363(f) of the Bankruptcy Code.

3.     Debtor, a Virginia corporation, is a manufacturer and wholesale distributor of Mexican food products, operating within the Commonwealth of Virginia and elsewhere. Debtor's manufacturing Facility is located in Springfield, Virginia; its corporate offices are located in Crofton, Maryland and Springfield, Virginia.

4.     As a manufacturer of Mexican food products, Debtor owns an array of food processing equipment, situated at its Springfield, Virginia facility. A portion of the equipment is subject to a perfected first-priority security interest in favor of The First National Bank of Maryland ("FNB").

5.     As part of its analysis of various reorganization strategies, Debtor has determined that it should reduce its reliance on its own manufacturing operations and should instead increase its purchase of finished food products from other manufacturers ("co-packers"). Accordingly, Debtor has negotiated with S&K Industries, Inc. ("S&K") at arm's length and pursuant to its best business judgment for the sale of certain items of equipment and related property (collectively the "Equipment") which are subject to the first-priority security interest held by FNB, and which Debtor will no longer need as it increases its use of co-packers as a source of finished product inventory. The Equipment, which includes all spare and replacement parts, rollers, bearings, belts, manuals and handbooks, repair and maintenance logs, title documentation, and other peripherals and accessories relating to the Equipment, is identified on Schedule 1 of the Term Sheet attached to the Motion. Debtor anticipates that S&K will use the Equipment to produce food products (made to the Debtor's specifications) for resale by the Debtor to its customers.

063050-00000-00052.doc                              - 2 -

6. The basic provisions of the agreement between the Debtor and S&K, which are set out more fully in the Term Sheet, are as follows:

    a. Price: $84,000.

    b. Payment Terms: $52,000 on November 9, 1998 upon delivery of the Equipment to S&K; $16,000 within 30 days after November 9, 1998; $16,000 within 60 days after November 9, 1998.

    c. Application of Proceeds: All proceeds remitted to FNB for application against FNB's secured claims.

    d. Warranties: Sold "as is" without warranty as to condition or working order.

    e. Delivery: November 9, 1998 at Debtor's Springfield, Virginia premises.

    f. Lien Release: FNB's security interest to be released within 7 days of final installment payment.

7. FNB consents to the proposed sale, provided that it receives the proceeds derived therefrom.

8. It is the business judgment of Debtor's management that the price and terms of sale fairly reflect the value of the Equipment, and that additional efforts to find a buyer at a higher price would be unlikely to generate a greater benefit to the Debtor's estate.

9. The sale contemplated hereby clearly benefits the Debtor's estate, given that the Debtor will no longer need the Equipment as its scales back its own manufacturing operations; because the proceeds will significantly reduce the principal balance of, and future accrual of interest on, FNB's secured claim in this case; and because S&K will utilize the Equipment to produce products that the Debtor will purchase for resale to its own customers.

WHEREFORE, Debtor prays for entry of an order authorizing the sale of the Equipment to S&K on the terms set forth above and granting the Debtor such other relief as may be just.

TUCKER, FLYER & LEWIS, P.C.

By: *Stephen Leach*
STEPHEN E. LEACH
(VA Bar No. 20601)
1615 L Street, N.W., Suite 400
Washington, D.C. 20036
(202) 429-7112

Counsel to Chef Garcia Foods, Inc.