IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| CHEF GARCIA FOODS, INC. | ) | Case No. 98-16522 |
| | ) | |
| Debtor | ) | |
| | ) | |

MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF
ORDER GRANTING AUTHORITY TO SELL CERTAIN
EQUIPMENT PURSUANT TO BANKRUPTCY CODE SECTION 363 (b)
AND 363(f)(2) AND TO REMIT THE PROCEEDS TO
THE FIRST NATIONAL BANK OF MARYLAND

Jim Garcia, Creditor, by counsel, submits this Memorandum in Support of its Motion for Reconsideration of the Court's Order granting authority to sell certain equipment pursuant to Bankruptcy Code Sections 363(b) and 363(f)(2) and to remit the proceeds to the First National Bank of Maryland, and states:

1.    The sale that is subject to this reconsideration motion is a major part of the estate, and it will limit the possibilities of reorganization.  In view of that, the sale should be given especially close scrutiny.  As was stated in Collier on Bankruptcy, 15th Edition, Use, Sale or Lease of Property ¶ 363.02[4:

> A sale of the major part of the estate may, however, have the practical effect of deciding issues that would ordinarily arise and be addressed in connection with the confirmation of a plan of reorganization.  Because there is some danger that a section 363 sale might deprive parties of substantial rights inherent in the plan confirmation process, sales of substantial portions of a debtor's assets under section 363 must be scrutinized closely by the court. (footnotes omitted).

Counsel for Creditor James Garcia
Douglas A. Anderson
516 1/2 Oronoco Street
Alexandria, VA 22314
(703) 836-9242
Va. Bar No. 29493

1


EXHIBIT
12

2.    In this case, there has been confusion as to what is being sold, and the value thereof (see letter attached as Exhibit A and this confusion with the shortness of notice is not conducive to the obtaining of the best price on the best terms for the Debtor.

3.    There is competitive interest in the sale of the equipment involved, as well as all the remaining equipment (as can be seen from Exhibit B, attached hereto reflecting an increase to $95,000..00 for the equipment being sold; and Exhibit C attached hereto reflecting an alternative bid of $210,000.00 for all of the equipment.)

4.    The increased bids that have been received should be evaluated on the basis of all specific factors, including the actual pricing of any future sales, and the actual terms of any restrictive convenant.

Respectfully Submitted,


_____
David F. Albright
Albright, Brown & Goertemiller
Suite 2150
120 E. Baltimore Street
Baltimore, MD 21202
(410) 244-0350


_____
Douglas A. Anderson
516 1/2 Oronoco Street
Alexandria, VA 22314
(703) 836-9242

Counsel for James Garcia