IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

EXHIBIT 15

| | | |
|---|---|---|
| JAIME GARCIA<br>1434 Forest Drive<br>Smyrna, GA 30080 | * | |
| and | * | |
| ELVIRA GARCIA<br>1434 Forest Drive<br>Smyrna, GA 30080 | * | |
| Plaintiffs | * | Civil No.: CCB-01-CV-0103 |
| v. | * | |
| RONALD D. KIRSTIEN<br>O'Stein Bros. L.P. No. 4<br>1657 Crofton Blvd.<br>Crofton, MD 21114 | * | |
| and | * | |
| HARVEY ROTHSTEIN<br>O'Stein Bros. L.P. No. 4<br>1657 Crofton Blvd.<br>Crofton, MD 21114 | * | |
| and | * | |
| RANDY HABECK<br>7521 Connelley Drive<br>Hanover, MD 21076 | * | |
| Defendants | * | |

\* \* \* \* \* \* \*

AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiffs, Jaime Garcia and Elvira Garcia (hereinafter jointly referred to as the "Plaintiffs"), by and through their attorneys, David F. Albright, Kristi L. Anderson and

Albright Brown & Goertemiller, LLC, hereby file their Complaint against Ronald D. Kirstien, Randy Habeck, and Harvey Rothstein, and state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 on the basis of diversity of citizenship and amount in controversy. Plaintiffs are citizens of the State of Georgia. Defendants are citizens of the State of Maryland. The amount in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00).

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2) in that Defendants are residents of this District and a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this District.

## FACTS COMMON TO ALL COUNTS

3. Plaintiffs are husband and wife, of Mexican-American ancestry, and have devoted themselves for many years to the manufacture of Mexican foods in the United States for sale to supermarkets, such as Giant Foods, under brand names and trademarks originated by them. These brand names include "Chef Garcia" and the photograph of Jaime Garcia, are widely sold in this region, and have acquired a reputation of excellent quality. Over the years, Plaintiffs have developed unmatched skills in the area of Mexican food manufacturing, including business development, regulatory compliance, and business relations.

4. Defendants are investors and participants in various aspects of the food business in the State of Maryland and actively sought to obtain control of various businesses owned by Plaintiffs. Specifically, Defendants Kirstien and Rothstein represented

2

themselves as being experienced in the operation of the food businesses, including financing and establishing financial controls of such businesses and are investors in Plaintiffs' businesses. Defendant Habeck is a food broker for Plaintiffs' products and represented himself as experienced in the wholesale side of the food business with sales contacts throughout this region of the United States. Plaintiffs relied upon the representations of the Defendants in turning over control of their businesses to the Defendants. While Plaintiffs had established businesses for the manufacture of Mexican foods with a large number of customers, Plaintiffs were desirous of joining with Defendants to obtain further benefits from such a relationship including financing, establishing improved financial controls, and increasing the size and scope of their Mexican food business. At all relevant times, all three defendants served on the Board of Directors of Plaintiffs' businesses and exercised control and dominion over all aspects of these businesses.

5. Plaintiffs entered into an agreement with Defendants Kirstien and Rothstein whereby they would invest cash in Plaintiffs' businesses in return for a controlling ownership interest in the businesses. Additionally, as part of the agreement, Plaintiffs obtained long-term employment contracts from the businesses and had a right to redeem control of the businesses as long as certain business goals were obtained.

6. Plaintiffs observed that the costs of goods and services in certain categories increased substantially.

7. Plaintiffs began to investigate and began focusing on Defendant Habeck's business dealings with respect to Plaintiffs' customers and business interests.

3

8. Plaintiffs learned that Habeck was engaging in a scheme to defraud Plaintiffs and the businesses whereby he would charge excessive commissions on bogus sales prices, give secret discounts, and permit and condone large-scale embezzlement of food products with respect to Plaintiffs' products. Plaintiffs also discovered that an employee was tampering with Plaintiffs' computers and business software, including accounts receivable and inventory with the effect of making a false appearance of decreasing financial performance of the businesses.

9. Upon discovering explicit evidence of the circumstances described above, Plaintiffs voiced their concerns to Defendants, who failed to respond to Plaintiffs concerns, and instead ratified Defendant Habeck's behavior. Defendants Kirstien and Rothstein then exhibited strong hostility to Plaintiffs and spoke of their friendship and business relations with Defendant Habeck.

10. Thereafter, Defendants repeatedly demanded that Plaintiffs consent to the filing for bankruptcy on behalf of the businesses. Plaintiffs steadfastly refused. Defendants threatened the Plaintiffs with unjustified criminal charges unless they consented to filing bankruptcy.

11. Defendant Rothstein also threatened Plaintiff, Jamie Garcia, with bodily harm by exhibiting a gun while making veiled threats on several occasions after the Defendants had gained control.

12. Shortly thereafter, when they realized Plaintiffs were not going to participate, Defendants fired Plaintiffs via a Board resolution without cause and without following proper procedure, breaching Plaintiffs' employment contracts.

4

13. After Plaintiffs were wrongfully discharged and removed from the businesses, Defendants drove the businesses further into the ground and eventually placed the businesses in bankruptcy.

14. Defendants then caused the bankruptcies to be liquidating bankruptcies, instead of reorganizations and, at the bankruptcy sales, bought back a large quantity of assets of Plaintiffs' businesses while avoiding the liabilities.

15. The bankruptcies were then dismissed.

16. Plaintiffs have since attempted to resolve their personal guarantees on debts of the businesses to outstanding creditors and rebuild their life. Contrary to agreements and representations made by them, the Defendants failed to protect Plaintiffs from losses on the guarantees of liabilities of the Plaintiffs businesses.

17. Defendants `have purposefully and maliciously interfered with Plaintiffs and their ability to rebuild their life by: improperly asserting ownership of trade names and trademarks and Plaintiff's own name and image; by contacting customers and business contacts of Plaintiffs and falsely stating ownership of said trade names and trademarks when they do not have such exclusive ownership; and spreading false information concerning Plaintiffs' abilities and reputation in the industry.

## COUNT I

### Breach of Confidential and Fiduciary Relationships

18. The allegations in paragraphs 1 through 17 are incorporated herein by reference.

19. Defendants, as Plaintiffs' partners, agents, and members of the Board of Directors, were accountable to Plaintiffs as fiduciaries. As fiduciaries, Defendants owed

5

Plaintiffs and the businesses a duty to act for the benefit of the businesses with loyalty and good faith, without any self-interest or self-dealing.

20. Defendants breached those duties by covertly planning to destroy the businesses, dismiss the liabilities, keep the assets, and destroy Plaintiffs' lives and ability to work.

21. The Defendants caused the following damages by their bad acts:

    a. breach of Employment Agreements;

    b. breach of Exoneration Agreements regarding Guarantees of Plaintiffs;

    c. breach of Loan Agreements;

    d. breach of Wage Agreements;

    e. damage to future business prospects of Plaintiffs; and

    f. damage to trade name and trademarks of Plaintiffs.

WHEREFORE, the Plaintiffs claim $10,000,000.00 compensatory damages, and $20,000,000.00 punitive damages against the Defendants.

## COUNT II

### Unfair Competition – Misappropriation

22. The allegations of paragraphs 1 through 21 of this Complaint are incorporated herein by reference.

23. After stripping Plaintiffs of their Mexican-American food businesses in this region, misappropriating the inventory and assets of Plaintiffs, and leaving Plaintiffs with unpaid debts and guarantees, the Defendants proceeded to, and continue to, use such inventory and assets to directly compete with Plaintiffs.

24. As a result of Defendants' acts in misappropriating the inventory and assets of Plaintiffs' to their own use and selling and distributing products under Plaintiffs' name for their own profit, Plaintiffs have suffered, and continue to suffer, severe economic injury, including lost sales, lost profits and other compensatory damages.

WHEREFORE, the Plaintiffs claim $10,000,000.00 compensatory damages, and $20,000,000.00 punitive damages against the Defendants.

## COUNT III

### Constructive Fraud

25. The allegations of paragraphs 1 through 24 of this Complaint are incorporated herein by reference.

26. As discussed above, by virtue of Defendants' relationship to Plaintiffs as partners, agents, and members of the Board of Directors, Defendants owed a fiduciary duty to Plaintiffs. Plaintiffs' reposed trust and confidence in Defendants, who had control and influence over all aspects of the businesses.

27. Among the fiduciary duties owed to Plaintiffs was the duty to act in the best interest of Plaintiffs, the businesses, and their creditors, and to prevent the destruction of the businesses and Plaintiffs' livelihood.

28. Defendants breached their fiduciary duty intentionally, with malice, and/or with reckless disregard for Plaintiffs' rights by failing to prevent the destruction of the businesses and all acts described above, and by willfully participating in the destruction of the businesses and Plaintiffs' livelihood.

WHEREFORE, the Plaintiffs claim $10,000,000.00 compensatory damages, and $20,000,000.00 punitive damages against the Defendants.

_____
David F. Albright, Bar #01454

_____
Kristi L. Anderson, Bar #26070
Albright Brown & Goertemiller, LLC
120 E. Baltimore Street
Suite 2150
Baltimore, Maryland 21202
(410) 244-0350

Attorneys for Plaintiffs, Jaime and Elvira Garcia

### DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial in this case.

_____
David F. Albright

_____
Kristi L. Anderson

k:\1400.1\kirstein\ amended complaint-clean

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of September, 2001, a copy of the foregoing Amended Complaint and Demand for Jury Trial was mailed, first class mail, postage prepaid, to Craig D. Roswell, Esquire and Ranji M. Garrett, Esquire, Niles, Barton & Wilmer, Suite 1400, 111 S. Calvert Street, Baltimore, Maryland 21202, Attorneys for Defendants Ronald D. Kirstien and Harvey Rothstein; and to Robert Selzer, Esquire, Wechsler, Selzer & Gurvitch, Suite 900 North, 4550 Montgomery Avenue, Bethesda, Maryland 20814, Attorney for Defendant Randy Habeck.

Kristi L. Anderson