# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

In re:                                )
                                      )
CHEF GARCIA FOODS, INC.               )       Case No. 98-16522
                                      )       (Chapter 11)
                    Debtor.           )
                                      )

## MEMORANDUM IN SUPPORT OF DEBTOR'S MOTION TO DISMISS CHAPTER 11 CASE

In support of its Debtor's Motion to Dismiss Chapter 11 Case ("Motion"), Chef Garcia

Foods, Inc., debtor and debtor-in-possession ("Debtor"), by counsel, respectfully states as

follows:

1.      Debtor commenced this case by filing a voluntary petition for relief under chapter

11 of the Bankruptcy Code with this court on September 3, 1998 ("Petition Date").

2.      Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, Debtor has, since the

Petition Date, continued to manage its financial affairs and property as a debtor-in-possession.

No trustee or examiner has been appointed in this case.

3.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and

1334.  Venue of this case and of this Motion is proper in this district pursuant to 28 U.S.C. §§

1408 and 1409.  The statutory predicates for the relief sought herein are §§ 105(a) and 1112(a) of

the Bankruptcy Code.

STEPHEN E. LEACH
(VA Bar No. 20601)
Tucker Flyer, P.C.
1615 L Street, N.W., Suite 400
Washington, D.C. 20036

063050-00000-00098.doc

EXHIBIT



4.      As of the Petition Date, the Debtor, a Virginia corporation, was both a manufacturer and wholesale distributor of Mexican food products, operating within the Commonwealth of Virginia and elsewhere. Debtor's manufacturing facility was located at 7508 Fullerton Road, Springfield, Virginia ("Facility"). Its corporate offices were located at the Facility and in Crofton, Maryland.

5.      As of the Petition Date, virtually all of the Debtor's property was subject to perfected security interests held by The First National Bank of Maryland ("FNB") and The Riggs National Bank of Virginia ("Riggs").

6.      Following the Petition Date, the Debtor determined that it should terminate its manufacturing operations and attempt to operate solely as a wholesale distributor of Mexican food products. It reached this decision based upon its assessment that the age and condition of its equipment put it at a competitive disadvantage vis-à-vis its competitors, and that operating as a distributor might permit it to achieve greater profitability. Accordingly, the Debtor terminated the employment of all of its manufacturing staff and is currently doing business only as a distributor/middleman of Mexican food products.

7.      The Debtor has now determined that it cannot generate sufficient profits, even operating solely as a distributor, to fund a plan of reorganization.

8.      By order entered January 26, 1999, this Court authorized the Debtor to sell, by public auction, all of its equipment, furniture, and intellectual property, and to remit the net proceeds of the auction sales to FNB and Riggs[1] up to the full amount of their secured claims. The Debtor held the auction at the Facility on January 28, 1999. The proceeds from the sale of the auction are insufficient, by a substantial margin, to satisfy either the FNB claim or the Riggs

---

[1]      The Court also directed that $11,278.04 of the proceeds be paid to Fairfax County, Virginia in satisfaction of its priority claim for prepetition property taxes.

claim. Because virtually all of the net proceeds of the sale will be distributed to FNB, Riggs, and Fairfax County, Virginia, the Debtor does not have the ability to effectuate a plan of liquidation which would provide a one-time distribution to unsecured creditors.

9.     Given that the Debtor is unable to rehabilitate itself through future profits or to craft a liquidating plan which would provided for a one-time distribution to unsecured creditors, no purpose would be served by continuing this chapter 11 case.

10.    The Debtor has paid those fees of the United States Trustee which, to its knowledge, are due and payable. The Debtor represents that should additional fees be due the United States Trustee, such fees will be paid promptly. Likewise, the Debtor will turn over to FNB and Riggs any remaining collateral or the proceeds of any such collateral, upon dismissal of the case.

WHEREFORE, the Debtor respectfully prays:

A.     That the order for relief resulting from the filing of its voluntary petition be set aside and vacated;

B.     That its voluntary petition for relief under chapter 11 of the Bankruptcy Code be dismissed without prejudice; and

C.     That it be granted such other and further relief as is just and proper.

TUCKER FLYER, P.C.

By:    _____
       STEPHEN E. LEACH, (VA Bar No. 20601)
       1615 L Street, N.W., Suite 400
       Washington, D.C. 20036
       (202) 429-7112

       Counsel to Chef Garcia Foods, Inc.