## UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Northern Division)

| | | |
|---|---|---|
| **JAIME GARCIA, et ux.** | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | Civil No.  BEL 01 CV 0103 |
| | : | |
| **RONALD D. KIRSTIEN, et al.** | : | |
| | : | |
| Defendants | : | |

### DEFENDANT RANDY HABECK'S REPLY TO
### PLAINTIFFS' OPPOSITION TO JOINT MOTION TO STRIKE

The defendant, Randy Habeck ("Habeck"), replies to the Plaintiffs' Opposition to Joint Motion to Strike as follows:

Plaintiffs' Opposition is a *non sequitur*.  That is to say, it does not address the Motion to Strike directly.  Rather, the Opposition makes further argument in support of Plaintiffs' Opposition to Motion for Summary Judgment; complains about the lack of production of documents from Habeck and seeks to have a jury trial conducted in July.

In order to understand the Motion to Strike and the Opposition, in context, the Court should recall the timeline of this case:

| | |
|---|---|
| January 12, 2001 | Case commenced; |
| August 17, 2001 | Judge Black issues an order granting, in part, a Motion to Dismiss; |
| September 6, 2001 | Plaintiffs file their Amended Complaint; |
| December 20, 2001 | Judge Black issues an order denying Motions to Dismiss; |
| January 15, 2002 | the First Scheduling Order is issued; |
| May 31, 2002 | the Second Scheduling Order is issued |

September 12, 2002    the Third Scheduling Order is issued;

January 16, 2003    the Fourth Scheduling Order is issued;

June 6, 2003    the Fifth Scheduling Order is issued;

June 10, 2003    the case is reassigned to Judge Legg;

September 3, 2003    the Sixth Scheduling Order is issued

November 17, 2003    the Court requires counsel to finish discovery promptly and orders

status reports to be filed;

December 11, 2003    the Court issues its Seventh Scheduling Order which limits the

discovery that may be conducted and requires dispositive motions to be filed by February 9,

2004 with responses due within 14 days.

January 22, 2004    the Court sets May 6, 2004 as the date to hear dispositive motions;

February 9, 2004    Habeck and Rothstein/Kirstein file their respective motions for

summary judgment;

February 25, 2004    Plaintiffs file their first request (with Defendants' consent) to

extend time to respond to the summary judgment motions;

March 4, 2004    Plaintiffs file their second request (with Defendants' consent) to

extend time to respond to the summary judgment motions;

March 9, 2004    Plaintiffs file their response to the motions for summary judgment;

March 18, 2004    Habeck files his reply to Plaintiffs' response to summary judgment

motions;

March 23, 2004    Rothstein/Kirstein file their reply to Plaintiffs' response to

summary judgment motions;

May 5, 2004    Plaintiffs' file supplemental documents and make supplemental

2

arguments at about 4:00 p.m.  Leave of Court was not sought nor were Defendants notified that there was going to be a late filing;

May 6, 2004          Defendants file a Motion to Strike the May 5th pleading;

May 6, 2004          The Court directs that by May 13, 2004 counsel jointly or separately file a status letter indicating the date by which parties need a decision on the summary judgment motion in order to prepare for trial by July 19, 2004;

May 11, 2004          Defendants file a letter with the Court indicating that they cannot be trial ready by July 19th since the summary judgment has not been completed.  Plaintiffs' counsel indicated that he would file his own letter;

May 24, 2004          Plaintiffs file their Opposition to Motion to Strike.

The opposition to the Motion to Strike was filed four days late under Local Rule 105(2)(b) and was 9 days after the Court directed status letters concerning the date by which counsel needed a decision to be ready for trial.

## ARGUMENT

This Court must enforce its scheduling order and the local rules.  This Court issues scheduling orders under Fed.R.Civ.P. 16(b).  Under that rule, the Court has the power, *inter alia*, to issue an order limiting the time to file motions and complete discovery.  That rule also provides "A schedule shall be modified except upon a showing of good cause and by leave of the district judge. . ."  Further, Local Rule 105(2)(b) requires that an opposition to a motion be filed within 14 days.  That time is extended by 3 days under Fed.R.Civ.P. 6(a) if service is by mail.  Under Local Rule 105(9) motions to extend the time to file a pleading must be filed only after consent of the opposing party is reasonably sought.

Plaintiffs' filings on May 5, 2004 and the Opposition filed on May 24, 2004 both flaunt

3

the schedules set out by this Court in the December 11, 2003 order and under Rule 105(b). This

Court must put an end to Plaintiffs' failure to abide by the rules and the resulting increase in

costs of litigation.

This Court must start from the premise that a "Scheduling Order is not a frivolous piece

of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Eischeid v.*

*Dover Construction, Inc.*, 217 F.R.D. 448, 444 (N.D. Iowa 2003) (internal quotations and

citations omitted). That court continued:

> Such orders and their enforcement are regarded as the essential mechanism for
> cases becoming trail-ready in an efficient, just, and certain manner. The control
> of these schedules is deliberately reposed in the court, and not in counsel, so that
> this end may be achieved. A scheduling order is an important tool in controlling
> litigation.

*Id.*, at 445, citations omitted.

Plaintiffs' counsel is simply flaunting this Court's Scheduling Order. He does not explain why

he filed additional documents to support his summary judgment motion two (2) months late

without leave of court and without seeking consent from Defendants' counsel or why he waited

to file those document in the last hour of the business day before the hearing on the Summary

Judgment Motion. Rather, Plaintiffs' response to the Motion to Strike is to argue that

Defendants have allegedly failed to meet their burden of proof concerning the reasonableness of

the transactions that they were allegedly involved in.

In moving to strike, Defendants are not elevating form over substance. Defendants

timely filed separate motions for summary judgment seeking to eliminate, or at least limit, a trial

that could, if allowed to go forward on Plaintiffs terms, require dozens of witnesses and reams of

exhibits, and take more than a week to try. Rather, than timely litigate so that the Court could

eliminate or narrow issues for trial, Plaintiffs are filing papers out of time and making additional

arguments in an effort to avoid summary judgment and to force this matter to a jury trial when they lack evidence necessary to support critical elements of their claims.

The rules are quite clear, Defendants file their motion, Plaintiffs get to respond and Defendants get to reply. Plaintiffs have never explained why the rule does not apply to them and why Defendants must be burdened by the cost of receiving multiple, last minute pleadings that "sandbag" Plaintiffs' case in a vain attempt to get over the summary judgment hurdle.

This Court took strong control over this case in December. It should do so again and consider the Summary Judgment Motions on the record as presented in a timely fashion without improper last minute augmentation by Plaintiffs' counsel and hear argument to clarify any issues that the Court has remaining.[1]

WHEREFORE, Randy Habeck requests that the Court strike Plaintiffs' papers filed on May 5 & 24, 2004 and grant such other and further relief as is just and proper.

Respectfully submitted,


   /s/ Patrick J. Kearney
Patrick J. Kearney (Fed. Bar No. 01913)
Selzer Gurvitch Rabin & Obecny, Chartered
4416 East West Highway, Fourth Floor
Bethesda, Maryland 20814
Tel. (301) 986-9600

Attorneys for Defendant Randy Habeck

---

[1] The Court asked a number of questions to both Mr. Albright and Mr. Roswell. The undersigned was not given the opportunity to answer those questions or to present argument. Needless to say, the undersigned differs strongly with positions presented by Mr. Albright and looks forward to the opportunity to be heard.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify, that on this 27th day of May, 2004, a copy of the foregoing was delivered by ECF to David F. Albright, Esquire, Albright & Goertemiller, LLC, 120 E. Baltimore Street, Suite 2150, Baltimore, Maryland 21202 and Craig D. Roswell, Esquire, Niles, Barton & Wilmer, 111 S. Calvert Street, Suite 1400, Baltimore, Maryland 21202.

<u>    /s/ Patrick J. Kearney                    </u>
Patrick J. Kearney