**IN THE UNITED STATES DICTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| JAIME GARCIA, <u>et al.</u>, | * | |
| Plaintiffs, | * | |
| v. | * | Case No.: 01-CV-103-BEL |
| RONALD D. KIRSTIEN, <u>et al.</u>, | * | |
| Defendants | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**<u>DEFENDANTS, KIRSTIEN AND ROTHSTEIN'S REPLY TO PLAINTIFFS'
OPPOSITION TO JOINT MOTION TO STRIKE</u>**

Defendants, Ronald Kirstien and Harvey Rothstein ("Kirstien and Rothstein"), by their undersigned counsel, file this Reply to Plaintiffs' Opposition to the Joint Motion to Strike, and in support thereof state as follows:

1.  Plaintiffs' opposition has absolutely nothing to do with the Defendants' Joint Motion to Strike.  The point of Defendants' Joint Motion to Strike was that on the afternoon of May 5, 2004 at approximately 4:00 p.m., Plaintiffs' filed voluminous exhibits in support of their Opposition to all Defendants' Motion for Summary Judgment.  Despite some comments during the initial Hearing on the Motions for Summary Judgment, Plaintiffs' counsel conceded that these were all new exhibits filed the evening before the long ago scheduled Summary Judgment Hearing.

2.  Rather than address the issues raised in the Motion to Strike, Plaintiffs have taken another opportunity to further attempt to rebut the Motions for Summary Judgment.  This is done well after this Court's deadline for Oppositions to Motions for Summary Judgment.

3.      Defendants in their Motion to Strike asked this Court to enforce its Scheduling Order as well as the Local Rules.  Plaintiffs' late filing of exhibits as well as its late filing of an Opposition to the Motion to Strike violates this Court's December 11, 2003 Order as well as Local Rule 105(b).  As Plaintiffs have failed to raise a single argument in Opposition to the Motion to Strike, Defendants request that the Motion to Strike be Granted.

4.      Defendants Kirstien and Rothstein join in and incorporate the Reply filed by Defendant Randy Habeck to this Motion.  They write separately for the purposes of clarifying a comment written on page 3 the Plaintiffs' Opposition.  Plaintiffs allege that Defendant Kirstien and Rothstein caused the wrong information to be given to the Court on May 6, 2004.

5.      Undersigned counsel represented Defendants Kirstien and Rothstein at the hearing.  Upon being asked a series of questions, both written and oral from the Court, Defendants' counsel attempted to answer the Court's questions with the knowledge in counsel's possession at the time. There was never any intent to cause "wrong information" to the Court. Specifically with request to who owns the current entity which "controls" Chef Garcia, Inc., counsel stated that to the best of his knowledge it was a Maryland Corporation but that counsel was not completely sure.  In fact, Stonewall Services, LLC. was apparently the entity formed to purchase the assets from the bankruptcy sale.  Counsel apologizes to the Court if this caused any confusion on this point.

6.      This example crystallizes what Plaintiffs have attempted to do throughout this case which is to create mass confusion to cover up the fact that there is no factual or legal support for the allegations they have made against the Defendants.  Plaintiffs last minute filing of voluminous exhibits was done solely for the purpose of confusing the issues which had been extensively briefed by all parties.  It was done in an attempt to correct deficiencies in Plaintiffs'

Opposition to the Motions for Summary Judgment after the deficiencies had been pointed out in the Defendants' Replies. Once again, this Court is confronted with a pleading which has absolutely nothing to do with the Motion to Strike to which it is allegedly responsive. Plaintiffs are simply trying to create a factual dispute where no factual dispute exist in the hopes that this Court will push forward with a July trial date.

7.  Pursuant to this Court's instructions at the initial hearing, defense counsel provided a letter to the Court indicating that the Defendants needed to begin preparations for trial no later than June 1, 2004. Plaintiffs have failed to file any such letter and instead seek to keep the July trial date in place. This is simply impossible as the Motions for Summary Judgment remain pending.

For the reasons outlined in the Motion to Strike as well as Defendant Habeck's Reply and this Reply, Defendants Ronald Kirstien and Harvey Rothstein request that the Court Strike Plaintiffs' exhibit list and exhibits filed on May 5, 2004 and their Memorandum in Opposition to Motion to Strike filed May 24, 2004 and grant such other and further relief as is just and proper.

Respectfully submitted,

_____/S/_____
Craig D. Roswell
Bar No. 9529
Niles, Barton & Wilmer, LLP
111 South Calvert Street, Suite 1400
Baltimore, Maryland 21202
(410) 783-6300
Attorney for Defendants Ronald D. Kirstien
and Harvey Rothstein