IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

JAIME GARCIA, et ux.                    *

     Plaintiffs                       *        Civil No.:  BEL- 01-CV-0103

v.                                      *

RONALD D. KIRSTIEN, et al.              *

     Defendants                       *

              *    *    *    *    *    *    *

MOTION PURSUANT TO RULE 59(e) TO ALTER OR AMEND ORDER DATED
SEPTEMBER 30, 2004, AND ENTERED ON OCTOBER 1, 2004.

     Plaintiffs, Jaime Garcia, et ux., by and through their undersigned counsel, hereby

move this Court to amend and alter its Judgment of September 30, 2004, and entered on

October 1, 2004 for the reasons set forth in Plaintiffs Memorandum in Support of Motion

Pursuant to Rule 59(e) filed herewith.


                      Respectfully submitted,



                      _____/s/_____
                      David F. Albright, Bar #01454
                      The Law Offices of David F. Albright
                      1122 Kenilworth Drive, Suite 500
                      Baltimore, Maryland 21204
                      (410) 244-0350

                      Attorney for Plaintiffs Jaime Garcia, et ux

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| JAIME GARCIA, et ux. | * | |
| Plaintiffs | * | Civil No.:  BEL- 01-CV-0103 |
| v. | * | |
| RONALD D. KIRSTIEN, et al. | * | |
| Defendants | * | |

\*  \*  \*  \*  \*  \*  \*

MEMORANDUM IN SUPPORT OF MOTION PURSUANT TO RULE 59 (e)
TO ALTER OR AMEND ORDER DATED SEPTEMBER 30, 2004, AND ENTERED ON
OCTOBER 1, 2004

Plaintiffs, Jaime Garcia, et ux., by and through their undersigned counsel, file this memorandum in support of its motion pursuant to Rule 59 (e) of the Federal Rules of Civil Procedure, to alter or amend the order dated September 30, 2004, and entered on October 1, 2004:

1.    Res Judicata.  It is respectfully suggested to the Court that it has overlooked the particular facts in this case that distinguish the case at bar from the res judicata cases cited by the Court in its memorandum opinion. The case at bar arises out of a different factual and procedural context.  The context in which the case at bar arises is a dismissed Chapter XI proceeding, that is, a Chapter XI proceeding that did not go to confirmation, nor was it converted to a Chapter VII liquidation.  Under these special circumstances,

pursuant to 11 U. S. C. Section 349(b)(3) Congress decided that upon a dismissal, the property of the estate reverts to the debtors as it existed immediately prior to the filing of the petition for bankruptcy. This Court's decision is contrary to the plain wording of the Statute and should be applied strictly in accordance with the Statute given the nature of the acts done by Defendants

2.    Limitations.  As set forth in our papers, there are many acts that were done by the opposing parties that were done within the three years prior to filing suit.

In fact, the bulk of the bad acts were done within the three years prior to filing suit.  In addition, where there is an undertaking requiring continuation of services, the statute begins to run from the time the services can be completed.  Washington B&A v. Moss 130 Md. 198 (1917).  The case the Court cited, Supic v. Bodie, et al. 834 A. 2d 170 at 179 states the same propositions:

> (I)n cases where there is an undertaking which requires a continuation of services, or the party's right depends upon the happening of an event in the future, the statue begins to run only from the time the services can be completed or from the time the event happens.

See also, to the same effect: Vincent v. Palmer 179 Md. 365 (1941).

For the reasons stated above, it is requested that the Court amend and alter its decision and judgment and place this case in for trial.

Respectfully submitted,


_____/s/_____
David F. Albright, Bar #01454
The Law Offices of David F. Albright
1122 Kenilworth Drive, Suite 500
Baltimore, Maryland 21204

Attorney for Plaintiffs