## UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Northern Division)

| | | |
|---|---|---|
| **JAIME GARCIA, et ux.** | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | Civil No.  BEL 01 CV 0103 |
| | : | |
| **RONALD D. KIRSTIEN, et al.** | : | |
| | : | |
| Defendants | : | |

### DEFENDANT RANDY HABECK'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS OPPOSITION TO PLAINTIFFS' MOTION PURSUANT TO RULE 59(e) TO ALTER OR AMEND ORDER DATED SEPTEMBER 30, 2004 AND ENTERED ON OCTOBER 1, 2004

### INTRODUCTION

This is a case where the Plaintiffs failed to make a prima facie case for their claims.

They are attempting to revisit issues that were argued before the Court and correctly decided by

the Court.  The Court did not err in its decision and the Plaintiffs are not entitled to

reconsideration of the Court's Order granting the Defendants Summary Judgment.

The Court will recall that on January 12, 2001, Plaintiffs filed the instant Action.  Count I

of the Amended Complaint alleges that Randy Habeck ("Habeck"), Harvey Rothstein

("Rothstein") and Ronald Kirstein ("Kirstein") "as Plaintiffs' partners, agents and member of the

Board of Directors, were accountable to Plaintiffs as fiduciaries," and that "Defendants cause the

following damages by their bad acts:

      a.     breach of Employment Agreement;
      b.     breach of Exoneration Agreements regarding Guarantees of Plaintiffs;
      c.     breach of Loan Agreements;
      d.     breach of Wage Agreements;
      e.     damage to future business prospects of Plaintiff; and

f.      damage to trade name and trademarks of Plaintiffs."

*See Amended Complaint* at ¶¶ 19 and 21.

Count II of the Amended Complaint alleges "Unfair Competition" by "misappropriating the inventory and assets of Plaintiffs" and using such "inventory and assets to directly compete with Plaintiffs." *Amended Complaint* at ¶ 23.

Count III of the Amended Complaint claims to allege "constructive fraud", alleging Defendants owed Plaintiffs fiduciary duties "to act in the best interest of the Plaintiffs, the businesses and their creditors, and to prevent the destruction of the businesses and Plaintiffs' livelihood." *Id.* at ¶ 27.  Plaintiffs allege that Defendants breached that fiduciary duty "by failing to prevent the destruction of the business …" *Id.* at ¶ 28.

This Court correctly ruled in its September 30, 2004 Order that the tort claims were barred by the statute of limitations based upon Plaintiffs' discovery response that by June 17, 1997: **"the cover-up by the Defendants was made extremely clear to Plaintiffs.  It was obvious to them that the Defendants were not being truthful …"**. (emphasis supplied). Plaintiff's Response to Interrogatory Number 3 at pages 7-8.

The Court also ruled that Counts II & III regarding the misappropriation of assets and destruction of business were barred by the doctrine of *res judicata* due to the fact that the reasonableness of the sale was adjudicated by the United States Bankruptcy Court for the Eastern District of Virginia.

Plaintiffs argue that the court "overlooked" facts and that the "continuation of services" doctrine allows for an extension of the limitations period.  These are rehashes of arguments made and they are wrong.  Accordingly, the Motion for Reconsideration should be denied.

2

## ARGUMENT

Although Plaintiffs do not mention it, the standard for a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure requires a showing of: (1) an intervening change in the law; (2) evidence not previously available coming available; or (3) the need to correct a clear error of law or to prevent manifest injustice. *See, e.g., Superior Bank, F.S.B. v. Tandem National Mortgage, Inc.*, 197 F.Supp.2d 298, 332 (D.Md. 2000). This is not a case where there is an intervening change in law or where evidence not previously available has come to light. Accordingly, Plaintiff's sole argument is that the Court committed a clear error of law or that the dismissal is manifestly unjust. Neither proposition is correct because defendants have asserted correctly that this matter is barred by both the doctrine of *res judicata* and the statute of limitations

### 1.    The Court Correctly Applied the Rule of *Res Judicata*

The assets that Plaintiffs claim were dissipated were sold pursuant to 11 U.S.C. § 363 after notice, objection by Plaintiffs and hearing. The leading treatise on bankruptcy describes the effect of §349(b) on property sold as follows:

> On the other hand, dismissal does not always restore the prepetition status of property. If property has been transferred out of the estate to a third party, even if not by a sale, the bankruptcy court does not normally have jurisdiction to restore it to the debtor upon dismissal. Dismissal does not affect transfers of property made pursuant to a confirmed plan. Nor will dismissal necessarily eliminate the collateral estoppel or res judicata effect of a bankruptcy court decision made during the case would have in a later proceeding.

3 *Collier on Bankruptcy* ¶ 349.03[1] (15th ed. Revised 2003)(footnotes omitted). Here, the Bankruptcy Court approved a sale of assets. That approval required a finding that there was a "good business reason" for the sale of assets. *In re Naron & Wagner, Chartered*, 88 B.R. 85, 87 (Bankr. D. Md. 1988) *quoting In re Lionel Corp.* 722 F.2d. 1063, 1071 (2nd Cir. 1983). Thus, the core issue of the business justification for the sale was adjudicated before the Bankruptcy Court

3

approve the sale.  As such, the doctrine of *res judicata* must bar any claim that the sale was not an attempt by the directors to enrich themselves or to harm Plaintiffs.  The sale order precludes Plaintiffs from arguing that the sale of assets was a breach of fiduciary duty.  To allow such argument is to allow a collateral attack upon a final order which was not affected by the dismissal of the Chef Garcia bankruptcy case.

Plaintiffs argue that the Court committed plain error by not ruling that § 349(b) revests all property in the debtor even if it has been sold.  The proposition is ludicrous and undercuts the ability of a bankruptcy court to allow for the disposal of assets absent a confirmed plan.  The Court's decision to find *res judicata* is solidly grounded in well established law.  Accordingly, the argument made by the Plaintiffs is without merit.

### 2.    The Court Correctly Determined the Statute of Limitations.

Plaintiffs try to save their case by arguing that the Court committed clear error in its application of the continuation of events or services theory which, they argue, holds the statute of limitations in abeyance until the time that the services had been completed.  The problem with that argument is twofold:  (1) the continuation of services theory does not actually apply, but was proferred only as an example of the way in which to extend the limitations period and (2) the theory recognizes that the limitations period is not extended if the party receiving the services knows of the existence of the tort.

The Court of Special Appeals explained the continuation of events theory as follows:

> "In cases where there is an undertaking which requires a *continuation of services*, or the party's right depends upon the happening of an event in the future, the statute begins to run only from the time the services can be completed or from the time the event happens."
>
> [*Frederick Road Ltd. Partnership v. Brown & Strum*, 360 Md. 76, 97,

4

756 A.2d 963, 974-975 (2000)] (quoting *W., B. & A. Elec. R.R. Co. v. Moss*, 130 Md. 198, 204-05, 100 A. 86 (1917)).   The continuation of events theory is based on the equitable principle of detrimental reliance. When a relationship develops between two parties, built on trust and confidence, the confiding party may rely upon the "good faith of the other party so long as the relationship continues to exist." *Id.* at 98. This is especially true in fiduciary relationships such as the attorney- client relationship where "a client has the right to rely on his or her lawyers' loyalty and to believe the accuracy and candor of the advice they give." *Id.* at 103.

*****

**Notwithstanding the confidential relationship, if the confiding party knows, or reasonably should know, about a past injury, accrual for statute of limitations purposes will begin on the date of inquiry notice, and not the completion of services. "The confiding party, in other words, is under no duty to make inquiries about the quality or bona fides of the services received, unless and until something occurs to make him or her suspicious."** *Id.* at 98.

*Supik v. Bodie, Nage, Dolina, Smith & Hobbs, P.A.*, 152 Md. App. 698, 714-715, 834 A.2d 170, 179 (2003)(emphasis supplied). Plaintiffs clearly acknowledge that they knew about the "fraud" in June 1997.  Accordingly, the continuation of services or events theory offers them no solace. The court was correct in its interpretation.

Further, Plaintiffs offer no rational explanation as to how there is any action by Habeck that occurred within three years of the filing of the case.  Plaintiffs have not proffered a *scintilla* of proof that Habeck had any part in any action that occurred within the three year period.  It is not this Court's role to comb through the stack of incompetent and late filed evidence in order to try to find some alleged factual error.  Rather, the burden is on the Plaintiffs to demonstrate clear error of law or manifest injustice.  Plaintiffs have failed in that effort.  Accordingly, the Motion to alter or amend judgment should be denied.

5

**CONCLUSION**

This Court did not commit any error in granting Plaintiffs' Motions for Summary

Judgment.  Accordingly, the Motion to Alter or Amend must be denied.


Respectfully submitted,


_/s/ Patrick J. Kearney_
Patrick J. Kearney (Fed. Bar No. 01913)
Selzer Gurvitch Rabin & Obecny, Chartered
4416 East West Highway, Fourth Floor
Bethesda, Maryland  20814
Tel.  (301) 986-9600

Attorneys for Defendant Randy Habeck


**CERTIFICATE OF SERVICE**

I hereby certify, that on this 21st day of October, a copy of the foregoing Reply Memorandum was delivered by ECF and by first class mail, postage pre-paid to:  David F. Albright, Esquire, Albright & Goertemiller, LLC, 120 E. Baltimore Street, Suite 2150, Baltimore, Maryland 21202 and Craig D. Roswell, Esquire, Niles, Barton & Wilmer, 111 S. Calvert Street, Suite 1400, Baltimore, Maryland  21202.


_/s/ Patrick J. Kearney_
----Patrick J. Kearney