IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| JAIME GARCIA, et ux. | * | |
| Plaintiffs | * | Civil No.:  BEL- 01-CV-0103 |
| v. | * | |
| RONALD D. KIRSTIEN, et al. | * | |
| Defendants | * | |

\*   \*   \*   \*   \*   \*   \*

**REPLY MEMORANDUM IN SUPPORT OF
MOTION PURSUANT TO RULE 59(E) TO ALTER OR AMEND
ORDER DATED SEPTEMBER 30, 2004, AND ENTERED ON OCTOBER 1, 2004**

Plaintiffs, Jaime Garcia, et ux., by and through their undersigned counsel, file this reply memorandum in support of its motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, to alter or amend the order dated September 30, 2004, and entered on October 1, 2004.

1. <u>Res Judicata</u>.  In Plaintiffs initial memorandum, they pointed out that the plain wording of the United States Statute, 11 U.S.C. Section 349(b)(3) provides that upon a <u>dismissal</u>, the property of the estate reverts to the debtors as it existed immediately prior to the filing of the petition for bankruptcy.  Plaintiffs argued in their memorandum that given the plain and unambiguous wording of the Statute, it should be applied strictly in accordance with the words of the Statute.

In response, Defendant Habeck quotes from 3 Collier on Bankruptcy §349.03(1) (15th ed.) on page 3 of its memorandum in opposition. In that quote, Collier states that "Dismissal does not affect transfers of property made pursuant to a confirmed plan." (Emphasis added). <u>There never existed a confirmed plan of reorganization in the bankruptcy case. The bankruptcy case never reached that stage in its proceedings when it was dismissed.</u>

<u>In re: Naron and Wagner, Chartered</u>, 88 B. R. 85,87 (Bank D. Md. 1988) (does not deal with the issue of <u>res judicata</u> at all), nor did <u>In re: Lionel Corp.</u>, 722 F. 2d. 1063, 1071 (2nd Cir. 1983) (which refused to allow a sale <u>prior to confirmation</u>). Those cases did not address the effect of a <u>subsequent dismissal of the bankruptcy case</u>.

However, the case of <u>Williams v. Stewart</u>, 97 Md. App. 620 (1993), addressed in our prior brief, specifically dealt with the lack of <u>res judicata</u> effect of a prior order after dismissal of a Chapter 11 proceeding without a confirmed plan.

There is an effort on the part of the Defendants to fail to separate cases that did not involve <u>res judicata</u>, from those cases that actually dealt with the issue of <u>res judicata</u> in the context of a dismissal of a Chapter 11 case. Since there is a statute that specifically states what happens upon a dismissal, the argument for disregarding that statute and expanding the doctrine contrary to a statute must be rejected.

The opposing litigants, represented by lawyers, including bankruptcy lawyers, at every point on the way, knew that the Bankruptcy Code provided specific directions as to what happens under certain circumstances. When Defendants purchased the business at the bankruptcy sale, they knew what the rule would be.

The other cases cited by the Defendants are in the Plaintiffs' favor. With respect to the case of <u>USA v. Standard State Bank</u>, 91 B.R. 874 (W.D. Mo. 1988) cited by Defendants, that case does not support the position of the Defendants in view of the fact that <u>inter alia</u> there was a previously <u>confirmed plan</u>. The other case cited by Defendants, <u>In re Searles</u> 70 B.R. 266 (1987) does not help the Defendants since the Court recognized the revesting impact of §349(b)(3), but upheld the right of the parties and the court to uphold a consent decree to the contrary.

2. <u>Statute of Limitations</u>. In a challenge to the Plaintiffs, Defendant Habeck states:

"Plaintiffs have not proffered a scintilla of proof that Habeck had any part in any action that occurred within the three-year period…(prior to suit)." This is clearly false. See, as an example, attachment A to this motion, (received in document production from Defendants Kirstien and Rothstein, but <u>no documents were produced by Defendant Habeck</u>) This attachment was also Exhibit F to Supplemental List of Exhibits filed on May 5, 2004. This business record of March 20, 1998, <u>distributed to all Defendants</u>, shows that Defendant Randy Habeck had a very large role indeed in the operating of Chef Garcia during the period within three years of filing suit.

As set forth in our earlier papers, there was an undertaking by all three defendants which required a continuation of services, within three years of the filing of suit, a to which there is no real dispute. The Maryland cases of <u>Washington B and A v. Mors</u> 130 Md. 198 (1917), <u>Supic v. Bodie</u>, 834A. 2d 170, and <u>Vincent v. Palmer</u>, 179 Md. 365. cited in the earlier papers are clear support for Plaintiffs.

3. <u>Rule 59(e)</u>. These points that are raised herein justify the application of Rule 59(e).

                Respectfully submitted,

                _____/s/_____
                David F. Albright, Bar #01454
                The Law Offices of David F. Albright
                1122 Kenilworth Drive, Suite 500
                Baltimore, Maryland 21204
                (410) 244-0350

                Attorney for Plaintiffs Jaime Garcia, et ux.

# ATTACHMENT A

-20-98  04:38P  Chef Garcia Mexican Foods  703 451-8917                    P.01



To: File

From: Dan Butz  *D.B.*

Date: March 20, 1998

Re: Recap of 3/19/98 meeting with Randy Habeck

- Current promotions were forwarded to Chef Garcia and are being summarized in a spreadsheet by Impact, who will forward the summary to Chef Garcia on 3/23/98. All new promotions will be approved by Marjorie Robinson, (Randy Habeck while Marjorie is on leave), and reviewed by Dan Butz. All deductions taken by our customers must reference an agreement reference number ("ARN"). The ARN's will be maintained by both Chef Garcia and Impact. Randy Habeck stated that he expects promotions to be 7% of sales this year, and utilizing the information provides by Impact, Chef Garcia should and will be doing the proper accounting for promotions. This will improve the accuracy of cash projections, budgets and cost analyses.

- It was discussed and agreed that Chef Garcia needs to bill our customers for amount of cash we will receive, hence the accounts receivable balance will equal the amount of cash expected. This will be implemented as soon as possible, for example, Halperin will be invoiced less $.71 per case because we know they deduct $.71 per case for dreyage on their payment.

- Chef Garcia will distribute a fiscal calendar, which will contain a 52 week fiscal year with four quarters which will consist of 5-4-4 week months.

- A weekly sales conference call will occur with the appropriate parties. The mandatory participants will be Randy Habeck, Ron Kirstien, Marjorie Robinson and Dan Butz. A recap memo of these conference calls will also be distributed by Chef Garcia.

- A cost analysis/budget/financial projection/financial results meeting will be set up.

- Randy Habeck will be attending the Sodexho USA meeting next Thursday, 3/26/98.

- Randy Habeck also states that Impact Sales has been performing "Store Audits" that this is a reoccurring function at Impact. Dan Butz will follow-up with Impact for support.

CC: Ron Kirstien
    Harvey Rothstein
    Randy Habeck
    Chef Garcia ( M.K, R.M, I.S)

